# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACLAIRE DUFF,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. SACV 12-157-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

## PROCEEDINGS

On February 2, 2012, Laclaire Duff ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") disability benefits. The Commissioner filed an Answer on May 22, 2012. On August 14, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and the case remanded for further proceedings in accordance with this Memorandum and Order and with law.

## BACKGROUND

Plaintiff is a 49 year old female who applied for Supplemental Security Income benefits on June 30, 2008, alleging disability beginning November 14, 2006. (AR 9.) Plaintiff has not engaged in substantial gainful activity since June 30, 2008, the date of the application. (AR 11.)

Plaintiff's claim was denied initially on September 22, 2008. (AR 9.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Wendy Weber on March 10, 2010, in Orange, California. (AR 9, 251-72.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 9.) Medical expert Arnold Ostrow, M.D., and vocational expert ("VE") Joseph H. Torres, also appeared and testified at the hearing. (AR 9.) The ALJ issued an unfavorable decision on April 9, 2010. (AR 9-19.) The Appeals Council denied review on December 8, 2011. (AR 2-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as the basis for reversal and remand:

1. Whether the ALJ properly determined that Plaintiff could perform alternative work activity.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination,

the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 30, 2008, the application date. (AR 11.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: myofascial neck and back pain with underlying spondylosis; obesity; L4-5 bilateral stenosis; L5-S1 stenosis; non-insulin dependent diabetes mellitus; asthma; cervical degenerative disc disease; status post-poly substance abuse, in remission; bipolar disorder; and depressive disorder. (AR 11.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 12-14.)

The ALJ then found that the Plaintiff had the RFC to perform light work, except for the following limitations:

> Plaintiff can lift and carry 20 pounds occasionally, 10 pounds frequently; stand and walk for 6 hours; sit for 6 hours; occasionally bend, stoop, crouch, and climb stairs; no use of upper extremities for above the shoulder work; no foot pedals; occasional use of lower extremities as guides; no ladders, ropes or scaffolds; no unprotected heights; avoid heavy air pollution; avoid extreme heat and cold; simple repetitive tasks; and no rapid assembly or quota work.

(AR 15-17.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as a driver. (AR 17.) The ALJ, however, found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including packer, bench assembler, and assembler of small products. (AR 18-19.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 19.)

**DISCUSSION**

Based on the VE's testimony, the ALJ determined at step five of the sequential process that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (AR 18-19.) The VE testified that a person with Plaintiff's RFC could perform three light exertional level unskilled jobs in the national economy: packer, bench assembler, and small products assembler. (AR 18-19.) The VE testified (AR 267) that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"), and the ALJ so found. (AR 19.)

Plaintiff challenges the ALJ's step five determination, asserting that the VE's testimony conflicts with the DOT and the ALJ's RFC and that the VE failed to provide an explanation for those conflicts. The Court agrees.

### A. Relevant Law

The Commissioner bears the burden at step five of the sequential process to prove that Plaintiff can perform other work in the national economy, given his RFC, age, education and work experience. 20 C.F.R. § 416-912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000). ALJ's routinely rely on DICOT "in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). DICOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1998). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with DICOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p ("the adjudicator has <u>an affirmative responsibility</u> to ask about any possible conflict between that [vocational expert] evidence and information provided in the [<u>Dictionary of Occupational Titles</u>]")). In order to accept vocational expert testimony that contradicts DICOT, "the record must contain 'persuasive evidence to support the deviation.'" Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435). The ALJ must obtain a reasonable explanation for the variance and then must decide whether to rely on the VE or DICOT. See Pinto, 249 F.3d at 847. Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify any conflicts with or variation from DICOT. Massachi, 486 F.3d at 1154 n.19.

### B. Analysis

The DOT descriptions of the jobs identified by the vocational expert do not indicate an explicit requirement to reach over the shoulder. The packer occupation (DOT 290.687-166) requires constant "reaching," which means 2/3 or more of the time. The bench assembler (DOT 706.694-042) and small products assembler (DOT 706.684-022) jobs require frequent

"reaching," which means 1/3 to 2/3 of the time. "Reaching" is not defined in the DOT job descriptions.

Plaintiff observes that the Department of Labor describes reaching as "extending hand(s) and arm(s) in any direction." See The Revised Handbook for Analyzing Jobs ("HAJ"), 1991, pp. 12:6. The Commissioner notes that a companion publication of the DOT also defines reaching as "extending hand(s) and arm(s) in any direction." See Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), App. C (1993). The Commissioner, moreover, has defined reaching as "extending the hands and arms in any direction." SSR 85-15, 1985 WL 56857, at *7.

The Commissioner argues that extending hands and arms in any direction does not mean that the reaching required for the three jobs identified by the VE involve reaching at or about the shoulder level. (JS 15.) The Commissioner cites in support of his argument Fuller v. Astrue, 2009 WL 4980273, at *2-*4 (C.D. Cal. Dec. 15, 2009), which held that because DOT does not define reaching as reaching above the shoulder, there was no apparent conflict between the VE's finding and the DOT. See also Johnson v. Astrue, 2011 WL 6132255, at *4 (C.D. Cal. Dec. 9, 2011).

As the Commissioner acknowledges, however, authority in this district is in conflict. In Mkhitaryan v. Astrue, 2010 WL 1752162, at *3 (C. D. Cal. April 27, 2010), the Court there held that the SCO's definition of reaching as extending the hands and arms "in any direction" plainly encompasses above the shoulder reaching. "Any direction" would include upward reaching above the shoulder. Thus, there was an apparent conflict between the VE's testimony and the DOT for which no explanation was offered. Id.; see also Richardson v. Astrue, 2012 WL 1425130, at *3-*5 (C.D. Cal. April 25, 2012) (relying on Mkhitaryan, the Court noted that SSR 00-4p explicitly requires the ALJ to determine whether a conflict exists between the VE's testimony and DOT); Bermudez v. Astrue, 2011 WL 997290, at *3 (C.D. Cal. March 21, 2011) (also relying on Mkhitaryan).

Richardson and Bermudez rely heavily on the Seventh Circuit decision in Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006), which stated:

7

> It is not clear to us whether the DOT's requirements include reaching above shoulder level, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help. We cannot determine, based on the record, whether the expert's testimony regarding stooping and reaching was actually inconsistent with the DOT. That determination should have been made by the ALJ in the first instance . . . here there is an apparent unresolved inconsistency in the evidence that should have been resolved.

This language of Prochaska was cited by the Ninth Circuit in Massachi, 486 F.3d at 1153 n.13. The Court finds the reasoning of Mkhitaryan and Prochaska persuasive.

Here, the ALJ inquired of the VE whether his testimony was consistent "with the DOT and its companion publication." (AR 270.) The VE's testimony in the affirmative was incorrect. There was an apparent conflict that the ALJ should have identified and inquired further of the VE for an explanation of the apparent unresolved inconsistency. The failure to do so was error, requiring reversal and remand for further proceedings.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 28, 2012        /s/ John E. McDermott
                              JOHN E. MCDERMOTT
                              UNITED STATES MAGISTRATE JUDGE